

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20001*

Hon. J. Paul Oetken
United States District Judge for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

BY ECF

*In re Mylan N.V. Securities Litigation*, No. 1:16-CV-07926 (JPO) (S.D.N.Y.)
*MYL Litigation Recovery I LLC v. Mylan N.V., et al.*, No. 1:19-CV-01799 (JPO) (S.D.N.Y)
<u>*Abu Dhabi Investment Authority v. Mylan N.V.*</u>, No. 1:20-CV-01342 (JPO) (S.D.N.Y.)

## LETTER MOTION TO INTERVENE

Dear Judge Oetken:

      The United States submits this unopposed letter motion, in accordance with the Court's Instructions for Individual Practices in Civil Cases, to intervene in the above-captioned civil matters. As demonstrated below, the United States meets the requirements to intervene as a matter of right—and, alternatively, also meets the criteria for permissive intervention—because this litigation shares common questions of law and fact with a federal criminal antitrust investigation, and specifically with two federal criminal cases that are currently pending trial in the Eastern District of Pennsylvania. Indeed, continued litigation of this action will likely result in disclosure of information that will harm those pending criminal cases. Because the United States meets the criteria to intervene, the Court should allow the United States to intervene in this civil action. Counsel for plaintiffs and defendants and have stated that they do not oppose this motion.

## BACKGROUND

      In their Third Amended Consolidated Class Action Complaint, Plaintiffs alleged, among other claims, that Defendants "misled investors by failing to disclose that it was engaged in market allocation and price-fixing of generic drugs." ECF No. 114. In May 2019, the Court added the United States to the docket as an interested party, upon the United States' request which stated that

1

"[t]he matter before this Court presents common questions of law and fact with the United States ongoing criminal investigation" into price fixing in the generic drug industry. ECF No. 109. The United States understands that, notwithstanding the court's January 13, 2021 deadline for the completion of document production, some document discovery has continued past that deadline. *See* ECF No. 178, 190. The United States further understands that the Court has set an April 12, 2021, deadline for the "close of all remaining fact discovery." *See* ECF No. 178.

## ARGUMENT

The United States' criminal investigation and pending proceedings in the Eastern District of Pennsylvania regarding antitrust violations in the generic pharmaceutical industry warrant intervention. As demonstrated below, the United States' intervention in this matter is appropriate under either Rule 24(a) or 24(b). *See SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

### The United States Is Entitled to Intervene as a Matter of Right

To intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), an applicant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001); *see also Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). "Rule 24(a) is to be liberally construed in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (citations omitted). Because the United States meets each of these elements in this action, the United States is entitled to intervene as a matter of right.

*First*, the United States' motion to intervene is timely. When determining whether a motion to intervene is timely, the Second Circuit considers: "(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987). In this case, the United States has exhibited no delay as it seeks to intervene before any depositions of fact witnesses with domestic generics pricing, sales, and marketing responsibilities take place. It is our understanding that discovery to date in this case had been focused on document discovery rather than depositions, and the parties similarly have not been prejudiced. The United States has engaged in the meet and confer process with both parties since November 2020. In lieu of moving to intervene at that time, the United States instead continued to meet and confer with the parties regarding depositions of potential concern to the United States. Additionally, and as explained below, the prejudice to the United States will be significant if the motion is denied. Lastly, no unusual circumstances exist that militate against a finding of timeliness.

*Second*, the United States has a significant interest supporting a right of intervention. The Second Circuit requires this interest to be "direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469 (2d Cir. 2010). The United States has a substantial interest in maintaining the integrity of the Antitrust Division's pending indictments against two drug companies and an executive for conspiring to fix prices, rig bids, and allocate customers for generic drugs. *See United States v. Glenmark Pharms. Inc., USA and Teva Pharms. USA Inc.,* No. 2:20-cr-00200-RBS (second superseding indictment filed August 25, 2020); *United States v. Aprahamian*, No. 2:20-cr-00064-RBS (indictment filed Feb. 4, 2020). This civil litigation shares common questions of law and fact with and directly implicates the criminal investigation and proceedings.[1] Indeed, Plaintiffs recognize the nexus in their complaint, which states that prior charges resulting from the United States' investigation (against two executives who have entered guilty pleas) alleged a price-fixing and market allocation conspiracy that "included Mylan executives." *See* ECF No. 114 at ¶ 420. Their complaint alleges further links between its case and the defendants in the criminal cases, describing communications relating to their allegation that Mylan and criminal defendant Teva conspired to fix the prices of generic drugs, and also alleging communications between criminal defendant Ara Aprahamian and executives from Teva and Mylan. *See* ECF No. 114.

*Third*, the United States' interest in ensuring the integrity of its criminal investigation and criminal cases may be affected or impaired by the disposition of this action. Courts have held that, where the United States has an ongoing criminal investigation, related civil litigation can pose a risk to the United States' interest in the confidentiality of that investigation. *See, e.g.*, *In re Sealed Case*, 237 F.3d 657, 663–64 (D.C. Cir. 2001); *SEC v. Mersky*, No. 93-5200, 1994 WL 22305, at *5 (E.D. Pa. Jan. 25, 1994). Here, depositions in this matter could reveal sensitive non-public information regarding the United States' criminal investigation and litigation. For example, Plaintiffs' complaint alleges the presence of unidentified cooperating witnesses, including allegations of multiple communications between at least one Mylan executive and an unidentified cooperating witness. See ECF No. 114 at ¶ 256.

Finally, the United States' interest is not protected adequately by the parties to the action. Case law makes clear that an intervenor's interest is not protected by an existing party unless that party's interests are "so similar to those of [the intervenor] that adequacy of representation is assured." *Brennan*, 260 F.3d at 133. No existing party to this civil litigation has an interest so similar to the United States' interest in maintaining the integrity of its criminal investigation and pending cases that adequacy of representation is assured. Additionally, only the United States is in a

---

[1] Indeed, the United States has already intervened in other civil litigations that may impact the Antitrust Division's investigation into the generic pharmaceutical industry. *See* Order, *In re Teva Securities Litigation*, No. 3:17-cv-558 (D.Conn. Oct. 20, 2020), ECF No. 584; Order, *Roofer's Pension Fund v. Perrigo Co., plc, et al.*, No. 16-CV-02805 (D.N.J. Sept. 4, 2019), ECF No. 218; Order, *In re: Generic Pharm. Pricing Antitrust Litig.*, No. 16-MDL-2724 (E.D. Pa. Jan. 6, 2017), ECF No. 108; Order, *Heritage Pharm. Inc. v. Glazer, et al.*, No. 16-CV-08483 (D.N.J. Dec. 13, 2016), ECF No. 24.

position to explain to the Court why or how litigation of this civil action threatens to undermine the criminal investigation and pending proceedings.

### Alternatively, the United States Should Be Permitted to Intervene as a Matter of Discretion

Even if the Court determines that the United States is not entitled to intervene as a matter of right, the Court should nonetheless exercise its discretion and permit the United States to intervene under Federal Rule of Civil Procedure 24(b). That rule permits a third party to intervene in an action, upon timely motion, when the movant "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24 (b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. Fed. R. Civ. P. 24(b)(3). All requirements are met here, and accordingly, permitting the United States to intervene in this case is well within the Court's discretion.

As discussed above, the United States' motion is timely and its criminal antitrust investigation and pending cases share common questions of law and fact with this civil litigation. Courts routinely permit the United States to intervene in actions such as the present case. "It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *SEC v. Downe*, No. 92-4092, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (quoting *Chestman*, 861 F.2d at 50). *See also, e.g.*, *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 U.S. Dist. LEXIS 113796, at *48 (D. Kan. Oct. 21, 2010) (collecting cases); *In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2007 WL 3119612, at *1 (N.D. Cal. Oct. 23, 2007) (citing cases). Moreover, "Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D. Pa. 1987) (citing *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967)). Intervention should "be granted liberally to governmental agencies because they purport to speak for the public interest." *Id.* (citation omitted).

Respectfully submitted,

*/s/ Barry Joyce*
Barry Joyce
U.S. Department of Justice
Antitrust Division

*Counsel for Intervenor United States*

Copies to: Counsel of Record

BY ECF